# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | In proceedings under |
| | ) | Chapter 9 |
| VILLAGE OF WASHINGTON PARK, | ) | |
| | ) | |
| Debtor. | ) | Bk. No. 04-31911 |

## MOTION TO DISMISS

ERIC JOELNER, FISH, INC., FREE SPEECH, INC. and FIRST AMENDMENT, INC. (collectively, "Movants"), by and through their undersigned attorneys, state as follows:

1. On May 7, 2004, the Debtor commenced this case by filing its petition under Chapter 9 of the United States Bankruptcy Code.

2. Movants are creditors and parties in interest in this Chapter 9 proceeding.

3. The Court has jurisdiction over this Motion and the relief requested herein pursuant to 28 U.S.C. §1334 and 11 U.S.C. §§105 and 930.

4. This is a "core" proceeding within the contemplation of 28 U.S.C. §157(b)(2)(A).

### Summary of Relief Requested

5. The Debtor has engaged in unreasonable delay that is prejudicial to creditors, thereby justifying and demanding dismissal of this Chapter 9 proceeding.

6. From the time the case commenced, the Debtor has obtained the benefits of the automatic stay and has otherwise held its creditors at bay.  Furthermore, the Debtor has utilized the jurisdiction of this Court to dispute the legitimate claims of creditors.

7. Nonetheless, the Debtor has failed to file a disclosure statement and proposed

plan for adjustment of its debts, although the Debtor has had more than a year in which to do so.

       8. Even though the Debtor has sought and obtained enlargements of time in which to file a proposed plan of adjustment, the Debtor has failed to advance any basis for the Court or creditors to believe the Debtor will be able to submit a viable plan at any time.

### Statutory Predicate for Dismissal for "Cause"

       9. Section 930 of the Bankruptcy Code sets forth a non-exhaustive list of reasons the Court may find "cause" for dismissal of a Chapter 9 case, and among those reasons is "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. §930(a)(2).

      10. In the case at bar, the Debtor has certain engaged in unreasonable delay that is prejudicial to creditors. In that respect, the Debtor has sought and obtained five (5) enlargements of time in which to file its proposed plan of adjustment. The Debtor utilized each of the following as reasons for its requested extensions of time: 1st Extension – Initial time prescribed by the Court insufficient; 2nd Extension – Debtor waiting for financial and other information; 3rd Extension – Committee requested extension; 4th Extension – New Mayor and Trustees; and 5th Extension – Debtor attempting to settle claims.

      11. While an initial request for an enlargement of time to file a plan of adjustment may have been justifiable, the Debtor's subsequent requests were certainly lacking in justification. In that respect, the Debtor certainly should have had requisite financial information at or shortly after the time it commenced this case. Furthermore, the formation of a committee of creditors should not have delayed, in any way, the

submission of a plan.  A new mayor and new village trustees should not have delayed the formulation and submission of a plan since the elements of the plan should have been in place long before the election forming the basis for the Debtor's fourth requested extension of time.  Finally, the Debtor's attempts to settle certain claims should not defer the submission of a plan since claims of a similar nature must be included in the same or similar classes [11 U.S.C. §1122] and a plan cannot be confirmed if it discriminates unfairly [11 U.S.C. §1129(b)(1)].

12. Unlike reorganization under other chapter of the Bankruptcy Code, the Court has no jurisdiction over the Debtor's assets, including its cash and the disposition of that cash.  Thus, creditors and parties in interest have no input into the Debtor's continuing use of cash and dissipation of its other assets.

13. Although the Debtor has obtained the benefits of the automatic stay and the other benefits afforded it under the Bankruptcy Code, it has done so without providing creditors with even a hint of whether this proceeding will conclude with a mechanism in place whereby the claims of creditors will be fairly liquidated and paid.

### Summary and Prayer for Relief

14. Based upon the foregoing, the Debtor has engaged in unreasonable delay that is prejudicial to creditors, and, therefore, "cause" exists for dismissal of this case within the contemplation of 11 U.S.C. §930.

WHEREFORE, ERIC JOELNER, FISH, INC., FREE SPEECH, INC. and FIRST AMENDMENT, INC., respectfully request and pray that this Court enter its Order

dismissing this proceeding under Chapter 9 of the Bankruptcy Code, and Movants pray for such additional relief as the Court deems appropriate.

                                    THE KUNIN LAW OFFICES, LLC

By:   /s/ Steven M. Wallace
_____
Steven M. Wallace
412 Missouri Avenue
East St. Louis, Illinois 62201
(618) 274-0434
Fax: (618) 274-8369
Email: swallace@legal-matters.com

Counsel to Eric Joelner, Fish, Inc.,
Free Speech, Inc., and First
Amendment, Inc.

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the foregoing was served 2nd day of August, 2005, on the following either electronically or by U. S. Mails, postage fully paid:

Stephen R. Clark, Esq.
104 S. Charles Street
Belleville, Illinois 62220

Mark D. Skaggs
Office of the United States Trustee
Becker Bldg, Room 1100
401Main Street
Peoria, Illinois 61602

John L. Gilbert, Esq.
Heidi Lynn Eckert, Esq.
Hinshaw and Culbertson
521 West Main Street
Belleville, Illinois 62222

Lawrence O. Taliana
Taliana, Buckley, Asa and Reames
216 North Main Street
Edwardsville, IL  62025

Donald Johnson
Consultant/ CDC Development Corp.
19 Wagon Wheel Ct.
Collinsville, IL  62234

David B. Schneidewind
Gundlach, Lee Eggmann, Boyle & Roessler
5000 West Main, POB 23560
Belleville, IL  62223

Jeffrey Burke
5600 S Wolf Road
Western Springs, IL  60058

Nathan C. Collins
103 West Vandalia Street, Suite 300
P. O. Box 510
Edwardsville, IL 62025

William J. Ebert, III
The Law Offices of Jay B. Umansky, P. C.
12460 Olive Blvd., Suite 118
St. Louis, MO 63141

Jeffrey A. Kopis
521 West Main Street
Belleville, IL 62222

Rob Scott
974 Clock Tower Drive
Springfield, IL 62704

Katherine Margaret Smith
P. O. Box 510
Edwardsville, IL 62025

Steven T. Stanton
P. O. Box 405
Edwardsville, IL 62025

/s/ Steven M. Wallace
_____